UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MANUEL-GUY MCCOY, #438421,

       Petitioner,

                                                      CASE NO. 2:20-CV-13243
v.                                                     HON. NANCY G. EDMUNDS

MICHELLE FLOYD,

       Respondent.
_____/

## **ORDER DENYING THE MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 2)**

      Michigan prisoner Robert Manuel-Guy McCoy (Petitioner") has submitted a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner was convicted of assault with intent to do great bodily harm less than murder following a jury trial in the Hillsdale County Circuit Court and was sentenced as a fourth habitual offender to 11 to 20 years imprisonment in 2013.  In his pleadings, he raises 14 claims concerning the effectiveness of trial counsel, the jury instructions, judicial misconduct and the waiver of his right to testify, an upward sentencing departure, disproportionate sentencing, the lack of a competency hearing, the conduct of the prosecutor, judicial error and misconduct, the effectiveness of appellate counsel, cumulative error, the denial of his motion for relief from judgment, and state court filing errors.

      The matter is now before the Court on Petitioner's motion for appointment of counsel.  A petitioner has no absolute right to be represented by counsel on federal habeas review.  *See Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th

Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted his habeas petition, but Respondent has not yet filed an answer or the state court record. Those materials are due on August 5, 2021. Petitioner's request is thus premature. Moreover, an initial review of the habeas petition indicates that appointment of counsel is not necessary. The Court will bear in mind Petitioner's request if, upon a more detailed review of the record, the Court determines that appointment of counsel is necessary. Petitioner need not file an additional motion. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion for appointment of counsel.

    **IT IS SO ORDERED**.

                                                            s/ Nancy G. Edmunds
                                                             NANCY G. EDMUNDS
                                                             UNITED STATES DISTRICT JUDGE

Dated: April 13, 2021